**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TANYA PETEETE, | : | |
| | : | CIVIL ACTION NO. 09-1220 (MLC) |
|     Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
|     v. | : | |
| | : | |
| ASBURY PARK POLICE | : | |
| DEPARTMENT, et al., | : | |
| | : | |
|     Defendants. | : | |
| | : | |

**COOPER, District Judge**

The plaintiff brought this action alleging, inter alia,
various civil rights violations under the New Jersey Constitution
and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2; 42 U.S.C.
§§ 1981, 1983, 1985, and 1986; and the New Jersey Law Against
Discrimination.  (Dkt. entry no. 30, Am. Compl.)  The plaintiff
further alleges causes of action for false imprisonment,
intentional infliction of emotional distress, negligent
infliction of emotional distress, and defamation.  (Id.)

The defendant Monmouth County Prosecutor's Office ("MCPO")
moves to dismiss the Amended Complaint, insofar as asserted
against it, pursuant to Federal Rule of Civil Procedure ("Rule")
12(b)(1) on the basis that it is immune from liability under the
Eleventh Amendment of the United States Constitution.  (Dkt.
entry no. 35.)  The plaintiff has opposed the motion.  (Docket
entry no. 40.)  The Court, for the reasons stated herein, will
grant the motion.

**BACKGROUND**

The plaintiff identifies herself as an African-American woman.  (Am. Compl. at 2.)  The plaintiff and her immediate family arrived at their residence on September 19, 2007, where a drug raid of the residence by members of the Asbury Park Police Department and Monmouth County Sheriff's Office was in progress. (Id. at 4.)  Members of the Asbury Park Police Department arrested the plaintiff and searched her pocketbook.  (Id.) Although no drugs were found on the plaintiff's person or in her bedroom, the plaintiff was charged with possession and distribution of a controlled dangerous substance ("CDS") based on a constructive theory of possession.  (Id.)  When the plaintiff expressed concern about who would care for her children, an officer allegedly told her, "Hopefully you are never coming home. . . . Maybe they are better off."  (Id. at 5.)

The plaintiff remained at the Monmouth County jail for approximately six months.  (Id.)  She was eventually released when she entered a plea of guilt to an unrelated aggravated assault charge and the CDS charges were dropped.  (Id.)  She now alleges that the MCPO detained her without probable cause and "required that [she] plead guilty" to the unrelated charge in exchange for dismissal of the CDS charge (id.); that the MCPO published a news release that defamed her by stating, inter alia, that the plaintiff was an associate of the Bloods Street Gang

2

(id. at 6); and that the MCPO "inadequately trained and supervised [its] employees" (id. at 7).  The plaintiff alleges that Detective Samis of the MCPO presented false or misleading information to the grand jury, including:

- Referring to the plaintiff as T.P., her juvenile daughter, who was in possession of CDS at the time of the incident;
- Testifying that the plaintiff was married to her cousin;
- Testifying that CDS was found throughout the house, when in fact no CDS or contraband was found in the plaintiff's bedroom;
- Testifying that the plaintiff's husband was the owner and/or renter of the residence.

(Id. at 5-6.)

## DISCUSSION

### I.  Motion to Dismiss Standard

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Rule 12(b)(1).  Fed.R.Civ.P. 12(b)(1).  Such motion may be made at any time.  Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id. at 438.  Under this standard, a court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Med.

Assoc., Ltd. v. Crozer-Chester Med. Ctr., 721 F.2d 68, 75 (3d

Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant can also attack subject matter jurisdiction by

factually challenging the jurisdictional allegations set forth in

the complaint.  Iwanowa, 67 F.Supp.2d at 438.  Under this

standard, "no presumptive truthfulness attaches to plaintiff's

allegations and the existence of disputed material facts will not

preclude the Court from evaluating for itself the merits of

jurisdiction claims."  Pashun v. Modero, No. 92-3620, 1993 U.S.

Dist. LEXIS 7147, at *6 (D.N.J. May 26, 1993).  The Court may

consider affidavits, depositions, and testimony to resolve

factual issues and is free to weigh the evidence and satisfy

itself as to the existence of its power to hear the case.

Iwanowa, 67 F.Supp.2d at 438.

MCPO makes a facial challenge here to the jurisdictional

basis for the Amended Complaint.  (See dkt. entry no. 35, Def.

Br. at 7.)  Accordingly, the Court must take the allegations of

the Amended Complaint as true.  See Gould Elecs., Inc. v. United

States, 220 F.3d 169, 178 (3d Cir. 2000).

## II.   Eleventh Amendment Immunity

MCPO contends that the sovereign immunity codified in the

Eleventh Amendment bars the plaintiff's action against it.  (Id.

at 9.)  The Eleventh Amendment provides that "[t]he Judicial

power of the United States shall not be construed to extend to

any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or

Subjects of any Foreign State."  U.S. Const. amend. XI.

Sovereign immunity is not merely a defense to liability, but

provides an immunity from suit.  <u>Fed. Maritime Comm'n v. S.C.</u>

<u>State Ports Auth.</u>, 535 U.S. 743, 766 (2002).  Thus, "Eleventh

Amendment immunity" prohibits citizens from bringing suits

against any of the states in federal court.  <u>Edelman v. Jordan</u>,

415 U.S. 651, 662-63 (1974).

    A suit is barred by Eleventh Amendment immunity "even though

the state is not named a party to the action, as long as the

state is the real party in interest."  <u>Carter v. City of Phila.</u>,

181 F.3d 339, 347 (3d Cir. 1999) (quotations and emphasis

omitted).  In determining whether the named party is an arm of

the state such that the state is a real party in interest, courts

are to consider whether "the judgment sought would expend itself

on the public treasury or domain, or interfere with the public

administration, or if the effect of the judgment would be to

restrain the Government from acting, or to compel it to act."

<u>Fitchik v. N.J. Transit Rail Operations, Inc.</u>, 873 F.2d 655, 659

(3d Cir. 1989).

    The Court finds that MCPO is an arm of the state and thus

entitled to Eleventh Amendment immunity.  The payment of any

judgment arising out of this suit would come from the state

treasury.  See Wright v. State, 778 A.2d 443, 464 (N.J. 2001).

MCPO acts as a state entity when performing its prosecutorial

functions, as it is subject to the direction and supervision of

the Attorney General of New Jersey.  Id. at 462; see also

N.J.S.A. § 52:17-106B.  Thus, MCPO is immune from suit, including

as to plaintiff's failure-to-train claim.  See Landi v. Borough

of Seaside Park, No. 07-5319, 2009 WL 606141, at *4-*5 (D.N.J.

Mar. 9, 2009); accord Pittman v. Metuchen Police Dep't, No. 08-

2327, 2009 WL 3207854, at *2-*3 (D.N.J. Sept. 29,. 2009).[1]

## CONCLUSION

The Court, for the reasons stated supra, will grant the

motion, and dismiss the Amended Complaint insofar as asserted

against MCPO under Rule 12(b)(1).  The Court will issue an

appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge


Dated:    March 22, 2010

---

[1] Three narrow exceptions to Eleventh Amendment immunity
exist, none of which are applicable here.  "First, Congress may
abrogate a state's immunity for rights protected under the
Fourteenth Amendment. . . . The Supreme Court has specifically
held that Congress has not abrogated immunity for actions brought
pursuant to 42 U.S.C. § 1983."  Pittman, 2009 WL 3207854, at *3.
Second, the state may consent to suit.  Id. (citing Blatchford v.
Native Vill. of Noatak & Circle Vill., 501 U.S. 775, 779 (1991)).
Third, state officials may be amenable to suit in their official
capacities "where a plaintiff seeks prospective, injunctive
relief for ongoing violations of federal law."  Id. (citing Ex
Parte Young, 209 U.S. 123, 159-60 (1908)).